PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Donald A Sherman**                    Case Number: **1:02CR00079**

Name of Sentencing Judicial Officer: **The Honorable Susan J. Dlott, United States District Judge**

Date of Original Sentence: **March 12, 2003**

Original Offense: **Conspiracy to Distribute Oxycontin**

Original Sentence: **36 month(s) probation**

Type of Supervision: **Probation**                    Date Supervision Commenced: **March 13, 2003**

Assistant U.S. Attorney: **Timothy D. Oakley, Esq.**      Defense Attorney: **Paul E. Balash, Esq.**

## PETITIONING THE COURT

[ ]   To issue a warrant
[ ]   To issue an Order to Appear and Show Cause
[X]   To grant an exception to revocation without a hearing.


| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Since the last notice to the Court on August 5, 2004, Mr. Sherman has again tested positive for the use of marijuana on November 24, and December 21, 2004, February 4, May 10, and June 30, 2005. In addition, on August 3, 2005, he tested positive for marijuana and oxycodone and again for marijuana on August 24, 2005. In addition, he did not report for urinalysis on May 26, May 31, July 26, August 10, 15 and 30, 2005. The last two urinalysis taken on September 29 and October 5, 2005 have been negative. |

U.S. Probation Officer Recommendation:

On March 12, 2003, Mr. Sherman appeared before the Honorable Susan J. Dlott, United States District Judge for the Southern District of Ohio and was sentenced to three years probation after having been charged with Conspiracy to Distribute Oxycontin. As a condition of his probation, he was ordered to complete six months home confinement with electronic monitoring, participate in substance abuse treatment, and pay a $100 special assessment fee.

On August 5, 2004, this officer notified the Court of Mr. Sherman's non-compliance as he had tested positive for the use of marijuana on November 13, 2003, and January 13 and January 28, 2004. At that time, this officer requested that Mr. Sherman be continued on supervision based on the Exception to Revocation under 18 U.S.C. § 3563(e) or 3583(d) which the Court agreed.

Mr. Sherman has been in substance abuse treatment since being placed on supervision and he admits there is no reason for his continued use of marijuana. On March 23, 2005, Mr. Sherman admitted himself to Our

Lady of Belfonte Hospital in Ashland, Kentucky for detoxification from marijuana which lasted for four days. It was recommended at that time that he continue to participate in outpatient counseling. Mr. Sherman was somewhat dissatisfied with the outpatient counseling he had been receiving for the past year and a half at the Family Guidance Center so he was referred to another agency, The Counseling Center, also in Ironton, Ohio. Unfortunately, he did not keep his appointments at their facility.

Since the end of May 2005, this officer had repeatedly tried to contact Mr. Sherman by employment visits, telephone calls and visiting the treatment agency; however, this officer was unable to make contact with Mr. Sherman to discuss his continued use of drugs. As Mr. Sherman used to respond to this officer to discuss his problems, this officer felt there must be more to Mr. Sherman's problems and did not want to request a warrant for him.

Finally, this officer made contact with Mr. Sherman and met with him on October 5, 2005. He claims he has had numerous medical problems related to his back and knees and has been seeing a doctor on a regular basis and has been prescribed several medications. He was also on crutches and had difficulty walking. Mr. Sherman was admonished for his non-compliance and stated he had no excuse for using marijuana. He stated he has not been using and will not miss any further appointments for urinalysis. In addition, he stated that if he missed any appointments or used again, he would sign a waiver requesting that his conditions be modified to enter a halfway house as a sanction.

As a result of the above information, this officer verbally admonished and informed Mr. Sherman that subsequent violations would not be tolerated. Mr. Sherman will continue with urine surveillance. Pursuant to 18 U.S.C. 3583 (d), the Court may consider the availability of drug abuse treatment, or an individual's current or past participation in such programs, warrants an exception from 18 U.S.C. 3583(g), when considering action against the defendant who test positive for illegal controlled substances more than three times over the course of one year. Therefore, this U.S. Probation Officer is recommending that the Court invoke the exception clause under 18 U.S.C. 3583(d), and allow the defendant to remain on supervision. This officer will closely monitor Mr. Sherman and will notify the Court at once if there is even one positive urine specimen.

The term of supervision should be
- [ ] Revoked.
- [ ] Extended for years, for a total term of years.
- [X] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 14, 2005**

*Darla J. Huffman*
Darla J. Huffman
U.S. Probation Officer

Approved,

by *John C. Cole*
John C. Cole
Supervising U.S. Probation Officer
Date: 10-17-05

PROB 12C
Rev 2/03

3

THE COURT ORDERS:

[ ]  No Action
[ ]  The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[ ]  The Issuance of an Order to Appear and Show Cause
[ ]  The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[X]  Other *The term of supervision be cont'd based upon the exception to revocation under 18 USC 3563(e) or 3583(d). If there is even one positive urine specimen in the future, the Court will take action against the defendant.*

Signature of Judicial Officer: *Susan J. Dlott*

Date: October 19, 2005